STATE OF LOUISIANA                                    NO. 23-K-40

VERSUS                                                FIFTH CIRCUIT

VIUSQUI PEREZ-ESPINOSA                                COURT OF APPEAL

                                                      STATE OF LOUISIANA

                          January 27, 2023

                            Susan Buchholz
                            Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** VIUSQUI PEREZ-ESPINOSA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 17-415

Panel composed of Judges Fredericka Homberg Wicker,
Hans J. Liljeberg, and John J. Molaison, Jr.

**WRIT GRANTED**

In this emergency writ application, relator-defendant, seeks review of the trial court's evidentiary ruling sustaining the state's objection to an investigating officer's testimony during trial. The officer's testimony at issue is a statement made concerning a photograph of the deceased victim's arm taken after the victim's disarticulated body parts were found floating in a body of water.

Defendant asserts that he intends to present a defense of self-defense at trial and show that he punched the victim's arm during the victim's unprovoked attack on him. Defendant contends that the photograph reflects a visible discoloration or bruising to the victim's arm to corroborate his defense. At trial, defense counsel questioned the investigating officer concerning the photograph and elicited the following testimony:

Q. And do you see this area, part of that looks like a cypress branch, partially -
A. It could be.
Q. Can you see what looks like bruising there?
A. Yes, sir.
MS. RISH:
Objection, Your Honor…

The trial court sustained the state's objection, finding that the officer was not an expert and could not testify as to the appearance of the marking or discoloration on the victim's arm. In her per curiam opinion, the trial judge indicated that the state had presented expert testimony concerning whether any bruising on the victim's body was apparent. The trial judge found that because the investigating

23-K-40

officer is not an expert, he is in "no better position to review the photograph than the jurors" and found that his testimony is "not helpful to the determination of whether, in fact, there was bruising on the arm… ."  The trial judge excluded the testimony under La. C.E. art. 701, which provides:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

Generally, a lay witness can only testify to the facts within his knowledge and not to impressions or opinions; however, a witness *is* permitted to draw reasonable inferences from his personal observations. *State v. Hubbard*, 97-916 (La. App. 5 Cir. 1/27/98), 708 So.2d 1099, 1106, *writ denied*, 98-0643 (La. 8/28/98), 723 So.2d 415(quotations omitted)(emphasis in original).  Where the subject of the testimony is such that any person of experience may make a natural inference from observed facts, a lay witness may testify as to such inferences, provided he also states the observed facts. *Id.*

In this case, we first point out that the elicited testimony does not question whether in fact the discoloration in the photograph *is* a bruise.  Rather, defense counsel sought an inference or opinion from the investigating officer on the scene as to whether the discoloration or marking "look[ed] like" a bruise.  *See State v. Guidry*, 18-867 (La. App. 3 Cir. 5/8/19), 271 So.3d 275, 301, *writ denied*, 19-01363 (La. 7/24/20), 299 So.3d 66 (in which the Third Circuit found that an investigating officer could testify as to the appearance of a footprint matching a certain shoe); *State v. Culverson*, 26,874 (La. App. 2 Cir. 4/5/95), 653 So.2d 1261, 1264 (wherein a witness testified that an object "looked like a gun").  Further, testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. La. C.E. art. 704.[1]

Under the facts of this case and considering that any testimony elicited surrounding the photograph of the victim's arm directly relates to the defendant's self-defense defense at trial, we find the trial judge abused her discretion in sustaining the state's objection.  This writ is granted, and the trial court's ruling reversed.

Gretna, Louisiana, this 27th day of January, 2023.

**FHW**
**HJL**

---

[1] See also *Dixon v. Warden, Louisiana State Penitentiary*, No. CIV.A. 11-2100, 2012 WL 6803686, at *11 (W.D. La. Nov. 30, 2012), *report and recommendation adopted*, No. CIV.A. 11-2100, 2013 WL 85160 (W.D. La. Jan. 7, 2013).

STATE OF LOUISIANA                              NO. 23-K-40

VERSUS                                          FIFTH CIRCUIT

VIUSQUI PEREZ-ESPINOSA                          COURT OF APPEAL

                                                STATE OF LOUISIANA


**MOLAISON, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority opinion, upon finding no abuse of the great discretion afforded to the trial court in evidentiary matters. *State v. Griffin*, 14-251, (La. App. 5 Cir. 3/11/15), 169 So.3d 473. In the instant case, I would defer to the trial court's ruling that the officer's lay opinion on a forensic issue, that goes to the heart of the defendant's theory of the case, is unreliable. Further, I would point out that the content of the photograph at issue speaks for itself. Accordingly, I would deny the writ application on the showing made.

JJM

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/27/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**23-K-40**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Thomas J. Butler (Respondent)
Michael F. Somoza (Relator)

**MAILED**